2026 IL App (1st) 242413-U

SECOND DIVISION
August 4, 2026

No. 1-24-2413

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 13 CR 22078 |
| | ) | |
| JOSE LUIS ESQUIVEL, | ) | Honorable |
| | ) | Geary W. Kull, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices Ellis and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    ***Held***:  We vacate the circuit court's order, remand the matter to the circuit court, and order newly-appointed counsel file a renewed motion to withdraw defendant's guilty plea, consistent with Rule 604(d), because defendant's counsel never renewed defendant's motion to withdraw his guilty plea after sentencing.

¶ 2    Defendant Jose Luis Esquivel pleaded guilty on certain counts the State brought against him as to one minor victim in exchange for the State's dismissal of charges involving another.

Before sentencing, Esquivel moved through counsel to withdraw his guilty plea. The circuit court denied the motion and later sentenced Esquivel to 42 years' imprisonment. No lawyer thereafter renewed the presentencing motion to withdraw the plea – not trial counsel after sentencing, and not counsel on remand from Esquivel's first appeal, in which the parties had agreed that a remand was necessary so counsel could comply with Rule 604(d). Instead, counsel on remand filed only a motion to reconsider the sentence. In this second appeal, Esquivel claims that counsel's failure to renew the motion to withdraw violated Rule 604(d), and we agree. For the following reasons, we vacate the circuit court's order denying Esquivel's motion to reconsider his sentence and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4     In November 2013, the State charged Esquivel with eight counts of predatory criminal sexual assault of a child, three counts of child pornography, and six counts of aggravated criminal sexual abuse. The charges stemmed from acts Esquivel allegedly committed against two minors, S.S. and C.M., between April 2006 and October 2014.

¶ 5     On March 20, 2017, the circuit court called the case for a bench trial. Esquivel executed a jury waiver. Before opening statements, the court recessed. After recess, plea counsel, Thomas Brandstrader, informed the court that, upon conferring with the State, Esquivel wished to enter a blind plea of guilty to the nine counts involving S.S. in exchange for the State's dismissal of all counts involving C.M.[1]

¶ 6     In admonishing Esquivel, the circuit court identified counts 1, 2, 7, and 8 as predatory criminal sexual assault of a child involving S.S., describing the latter three counts as the "same

---

[1]A blind plea is a guilty plea entered without any agreement or promise from the State as to sentencing, leaving the sentence entirely to the court's discretion. See *People v. Torres*, 228 Ill. 2d 382 (2008).

thing" with "different conduct," and identified count 9 as child pornography. The court did not identify by name or describe counts 10, 12, 13, or 17. The court advised Esquivel of the aggregate sentencing ranges, stating that "the minimum is 36 years" and asking Esquivel "do you understand that at all?" to which Esquivel replied "Yes." The court also advised him of mandatory supervised release and mandatory sex offender registration; Esquivel again indicated he understood. Esquivel pleaded guilty to all nine counts as to S.S. The court accepted the plea. The court ordered a presentence investigation (PSI) and set the matter for a sentencing hearing on May 18, 2017.

¶ 7    The PSI report indicates that Esquivel told the probation officer that he had been falsely accused, the minors' mother had stolen from him and forged his signature on a vehicle title, and he pleaded guilty only because counsel told him he would spend the rest of his life in prison if he did not.

¶ 8    At the initial sentencing date on June 26, 2017, Esquivel told the court, "I don't need [plea counsel's] services anymore. I'm going to hire a new attorney." On July 10, 2017, the court allowed Brandstrader to withdraw and permitted attorneys Gustavo Santana and Mark Kusatzky (collectively "postplea counsel" herein) to file their appearances.

¶ 9    Before sentencing, postplea counsel filed a motion to withdraw the guilty plea. The motion alleged that the plea was not knowing and voluntary because Esquivel felt he had no alternative given plea counsel's conduct, and that the court's admonishments were deficient with respect to his right to a jury trial. At the hearing, plea counsel testified, among other things, that during a discussion about the blind plea with Esquivel in the lockup, Esquivel did not know the applicable mandatory minimum aggregate sentence, believing it "might be 24 or 32 years." The circuit court denied the motion.

¶ 10  On January 25, 2018, the court imposed consecutive sentences of six, seven, eight, and nine years on the four predatory criminal sexual assault counts, consecutive six-year terms on each of the two child pornography counts, and concurrent six-year terms on the three aggravated criminal sexual abuse counts, for an aggregate of 42 years' imprisonment. Postplea counsel filed a motion to reconsider sentence the same day, which the court denied. Postplea counsel did not renew the motion to withdraw the guilty plea.

¶ 11  Esquivel appealed, contending that postplea counsel had failed to comply with Rule 604(d) because counsel had never filed the certificate of compliance the rule requires, and that a remand for strict compliance was therefore required. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The State agreed. On January 23, 2020, on an agreed motion for summary disposition, this Court vacated the denial of the motion to reconsider sentence and remanded "for further post-plea proceedings, including the opportunity for Appellant to file a renewed motion to vacate his plea and/or a motion to reconsider the sentence, as appropriate, and for strict compliance with Rule 604(d)." *People v. Esquivel*, No. 1-18-0210 (Jan. 23, 2020) (dispositional order).

¶ 12  On remand, the same postplea counsel appeared. On June 24, 2021, counsel filed a Rule 604(d) certificate directed to the guilty plea and represented in open court that "at the time we ascertained everything that we believed was an issue for a motion to vacate a guilty plea, and that it was included in the original petition." When the court asked whether there were "no other issues that you wish to present other than the ones that we already litigated," counsel answered that there were none, adding, "if there was any issues that we wished to do, we would have done it at the time and we have no information since that time," and, "I believe the correct statement is, is we've complied with the 604(d) certificate which governed the November 29th, 2017 hearing and is true today."

¶ 13    On March 22, 2022, counsel filed a second Rule 604(d) certificate, directed at sentencing, together with a motion to reconsider sentence. As relevant here, the motion alleged that Esquivel had been confused about the minimum sentence when he entered his plea; that plea counsel, by his own testimony, had not known the minimum; that Esquivel "believed it was possible from the lock-up discussion that between 12 and 18 years was possible"; and that this confusion "should form the basis for the Court to reconsider the sentence." Counsel did not file a renewed motion to withdraw the plea. At the hearing, counsel acknowledged that the confusion claim "is essentially an argument that was made as a motion to vacate a guilty plea," but stated that "that issue is not before the Court." The court then asked Esquivel whether he wished to add anything "[o]nly on this motion to reconsider sentencing," and Esquivel responded, "I am only asking you that you please do this and reconsider it and lower the time." The court denied the motion.

¶ 14    This appeal followed, with the Office of the State Appellate Defender (OSAD) representing Esquivel.[2]

¶ 15                                     II. ANALYSIS

¶ 16    On appeal, Esquivel argues that his postplea counsel did not strictly comply with Rule 604(d) because they did not file a renewed motion to vacate his guilty plea, improperly included an ineffective assistance of counsel claim in their motion to reconsider the sentence, and omitted a claim that the circuit court did not properly admonish Esquivel of all charges to which he pleaded guilty. In other words, Esquivel challenges his plea proceedings.

¶ 17    Whether counsel complied with Rule 604(d) is a question of law that we review *de novo*. *People v. Gorss*, 2022 IL 126464, ¶ 10.

---

[2]On March 30, 2022, the circuit court found Esquivel indigent.

¶ 18    Rule 604(d) provides:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Counsel must certify that they have (1) consulted with the defendant to ascertain the defendant's contentions of error in both the sentence and the entry of the plea, (2) examined the trial court file and both the reports of proceedings of the plea and the sentencing hearing, and (3) made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. *Id.*; *Gorss*, 2022 IL 126464, ¶ 25. The rule mandates strict compliance. *People v. Brown*, 2024 IL 129585, ¶ 48. Although a facially valid certificate ordinarily satisfies the rule, the court may review the record to determine whether it refutes counsel's certification. *Id.* ¶ 49; *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. Counsel's failure to strictly comply with the Rule *requires* a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion. *Brown*, 2024 IL 129585, ¶ 49 (internal quotations omitted).

¶ 19                    A. Motion to Withdraw Guilty Plea

¶ 20    As a threshold matter, this is not a case in which Esquivel needed only to seek reconsideration of his sentence. Rule 604(d) requires a motion to withdraw the plea only "if the plea is being challenged"; where a defendant enters a blind or open plea and challenges only the sentence imposed, a motion to reconsider sentence alone preserves the issue for appeal. See *People v. White*, 2025 IL 129767, ¶¶ 29-30. But Esquivel's operative claim is not that a validly entered plea produced too severe a sentence; rather, it is that the plea itself was not knowingly and

voluntarily entered because he was misinformed about the applicable mandatory minimum at the time he pleaded. Indeed, the circuit court's own admonishment at the plea hearing stated the minimum was 36 years, which bears no relation to the "12 and 18 years" Esquivel says he understood from the lockup discussion. A claim that a defendant misunderstood the consequences of his plea when he entered it challenges the plea, not merely the sentence, and Rule 604(d) requires it be raised in a motion to withdraw the plea and vacate the judgment. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 21    Esquivel has consistently stated throughout this case that he wished to withdraw his guilty plea. The only motion to withdraw the guilty plea in this matter was filed, argued, and decided before Esquivel's sentencing. However, a defendant must file a motion to withdraw his plea "within 30 days of the date on which sentence is imposed." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). A motion a defendant files and argues before sentencing is premature as it "does not comply with Rule 604(d) and does not create a right to appeal from the judgment." *People v. Gabrys*, 2013 IL App (3d) 110912, ¶ 27; see also *People v. Marquez*, 2012 IL App (2d) 110475, ¶ 4 ("The defendant must renew the premature motion in order to preserve the right to appeal").

¶ 22    The timing requirement as to the renewed motion serves a substantive purpose. Where a defendant pleads guilty without any agreement as to sentence (such as a blind plea), errors bearing on the validity of the plea may not surface until sentence is imposed, so that "[i]f counsel consults with the defendant only before sentencing and makes amendments only to a premature motion, significant errors might not come to the trial court's attention." *Marquez*, 2012 IL App (2d) 110475, ¶ 8; see also *Gorss*, 2022 IL 126464, ¶ 25 (counsel must ascertain the defendant's contentions of error as to both the sentence and the entry of the plea).

¶ 23    Esquivel's original counsel, Brandstrader, never renewed the motion to withdraw the guilty plea. Nor did postplea counsel renew it on remand, after this Court expressly afforded Esquivel "the opportunity *** to file a renewed motion to vacate his plea and/or a motion to reconsider the sentence, as appropriate." At the hearing on remand, postplea counsel advised the circuit court that everything they believed to be "a[n] issue for a motion to vacate a guilty plea *** was included in the original petition," that there were "no additional issues," and that "[they]'ve complied with the 604(d) certificate which governed the November 29th, 2017 hearing and is true today." Counsel thus proceeded on the premise that the presentence motion and the November 2017 hearing had discharged their obligations as to the plea. However, postplea counsel is mistaken, as the motion to withdraw the guilty plea that original counsel filed before sentencing was a nullity for purposes of this appeal because Rule 604(d) requires a renewed motion after sentencing. See *People v. Gray*, 2023 IL App (4th) 230076, ¶ 32; *People v. Love*, 385 Ill. App. 3d 736, 738 (2008).

¶ 24    This carries concrete consequences for Esquivel: because none of his lawyers filed a Rule 604(d)-compliant motion to withdraw the plea, they did not preserve Esquivel's ability to seek review. See *People v. Wilk*, 124 Ill. 2d 93, 105 (1988) (an attorney who fails to adhere to Rule 604(d) by moving to withdraw the plea "has fallen short of providing competent representation"). Where counsel fails to strictly comply with the rule, "the remedy... is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *People v. Janes*, 158 Ill. 2d 27, 33 (1994). This is not a case in which counsel, after consulting with the defendant and examining the record, exercised considered judgment that no plea claim warranted pursuit; it is a case in which counsel believed a plea claim had already been properly litigated when, as a matter of law, it had not been.

¶ 25    Citing *Brown*, the State contends that Esquivel received a full and fair opportunity to litigate his postplea claims and therefore, any further remand would be "an empty and wasteful formality." See *Brown*, 2024 IL 129585, ¶ 54. We do not question the principle; Rule 604(d) is not applied "so mechanically as to require Illinois courts to grant multiple remands and new hearings following the initial remand hearing." *People v. Shirley*, 181 Ill. 2d 359, 369 (1998). But *Brown* does not control. There, the defendant and his counsel agreed that he did not wish to withdraw his plea, the only relief he sought was a reduced sentence, and the circuit court considered and rejected that argument, so the court could say that "[n]othing indicates the ruling would be different following a third attempt at reconsideration." *Brown*, 2024 IL 129585, ¶¶ 12, 54. Here, by contrast, defendant has maintained from the PSI report forward that he is innocent and pleaded guilty because of his attorney's conduct, and he retained new counsel for the express purpose of withdrawing his plea. His claim attacking the plea has never been presented in a procedurally proper motion and can never be reviewed on appeal from this judgment unless it is properly presented. A remand permitting the first proper presentation of a claim is not a repetition of an exercise already performed.

¶ 26    Nor does the November 2017 evidentiary hearing supply what is missing. A hearing on a motion that Rule 604(d) does not recognize cannot substitute for the motion the rule requires, as the circuit court itself acknowledged when it observed that the 30-day period had "never really began." The State's reliance on Esquivel's remand affidavit, in which he agreed with the motion counsel drafted, is likewise unavailing because agreeing with a motion to reconsider sentence does not establish that counsel filed the plea motion the law required. The affidavit says nothing about withdrawing the plea. The same is true of Esquivel's statement at the March 2022 hearing that he wished only to "reconsider [the sentence] and lower the time." The circuit court had just confined

the floor to argument "[o]nly on this motion to reconsider sentencing," and a response addressing that instruction cannot be read as an informed abandonment of a plea challenge that counsel, moments earlier, had told the same court was "not before the Court." Finally, the availability of relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 et seq. (West 2022)) does not excuse noncompliance with Rule 604(d), which exists precisely so that claims of this kind are brought promptly before the judge who took the plea. *Wilk*, 124 Ill. 2d at 104-06 (explaining that Rule 604(d)'s purpose is to give the judge who accepted the plea the first opportunity to fact-find rather than deferring that function to collateral review).

¶ 27                                    B. Appointment of New Counsel

¶ 28    As postplea counsel did not strictly comply with Rule 604(d), the remedy is a remand for the filing of a new motion to withdraw the plea and/or to reconsider the sentence, a new hearing on any motion filed, and the filing of a Rule 604(d) certificate. See *Janes*, 158 Ill. 2d at 33; *Bridges*, 2017 IL App (2d) 150718, ¶ 12. In this case, because Esquivel has consistently maintained his desire to withdraw the guilty plea, counsel shall renew that motion on remand. Postplea counsel have twice failed to comply with Rule 604(d), and on remand from this Court's first finding of noncompliance, counsel maintained that nothing further was required of them; a remand for compliance would be illusory if entrusted to attorneys who have twice made that representation to the circuit court. See, *e.g.*, *People v. Knight*, 2020 IL App (1st) 170550, ¶¶ 40-41; *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 36 (both holding the circuit court erred by reappointing the same counsel after the appellate court found counsel's assistance unreasonable). The circuit court has already found Esquivel indigent. On remand, unless the circuit court finds that circumstances bearing on that finding have changed, the court shall appoint counsel other than attorneys Santana and Kusatzky to represent Esquivel. If Esquivel retains counsel, the court shall

admonish that counsel of this Court's finding that Esquivel's postplea counsel did not comply with Rule 604(d).

¶ 29    Having resolved the appeal on the ground that postplea counsel did not strictly comply with the rule, we need not address Esquivel's remaining contentions that counsel improperly raised a plea claim in a motion to reconsider sentence and failed to present a defect in the plea admonishments. Those contentions concern the adequacy of particular claims counsel may present on remand. We express no opinion on their merits.

¶ 30                                III. CONCLUSION

¶ 31    For these reasons, we vacate the judgment of the circuit court of Cook County denying Esquivel's motion to reconsider sentence and remand the cause for further postplea proceedings in strict compliance with Rule 604(d), with the following directions:

> (1) as the circuit court has already found Esquivel indigent, the court shall appoint counsel other than postplea counsel to represent him on remand (unless it finds that circumstances bearing on his indigency have changed); if Esquivel retains counsel, the court shall admonish that counsel of this Court's finding that Esquivel's postplea counsel did not comply with Rule 604(d);

> (2) newly-appointed or retained counsel shall consult with Esquivel, examine the reports of proceedings of both the guilty plea and the sentencing hearings, and file a renewed motion to withdraw the guilty plea that adequately presents the defects in the plea proceedings;

> (3) counsel shall also file a Rule 604(d) certificate reflecting consultation and review of the record; and

> (4) the circuit court shall hold a new hearing after the submission of the above.

¶ 32    Vacated and remanded with directions.